```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL HENRY,

                Plaintiff,                    MEMORANDUM AND ORDER
                                              07-CV-0090 (JS)(ETB)
     - against -

NASSAU COUNTY CORRECTIONAL
FACILITY and COUNTY OF NASSAU,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:           Paul Henry, pro se
                         07A1752
                         Five Points Correctional Facility
                         State Route 96, P.O. Box 119
                         Romulus, NY 14541

For Defendants:          Sara A. Wells, Esq.
                         Office of the Nassau County Attorney
                         One West Street
                         Mineola, NY 11501
```

SEYBERT, District Judge:

On January 4, 2007, pro se Plaintiff Paul Henry ("Plaintiff") commenced this action against Defendants Nassau County Correctional Facility ("NCCF") and the County of Nassau ("County" and collectively, the "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Presently pending is the Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. Plaintiff, when provided a second opportunity by the Court, submitted an Affirmation in Opposition to the motion to dismiss. For the reasons discussed herein, the County Defendants' motion to dismiss is GRANTED.

BACKGROUND

The relevant facts set forth in this Order are taken from the Complaint and are presumed to be true for the purposes of deciding the pending motion to dismiss.

Plaintiff alleges that his constitutional rights were violated when, from December 2005 to May 2006, the personnel in the mailroom of NCCF "delayed, detained and destroyed" Plaintiff's incoming and outgoing mail. (Compl. ¶ IV.) Plaintiff alleges that he has a log-book detailing the times and dates of each occurrence. Furthermore, Plaintiff contends that instead of filing a grievance at NCCF, Plaintiff wrote to the Postmaster at the Hicksville Post Office asking him to commence an investigation regarding his mail, but Plaintiff did not receive a reply. (Compl. ¶ II.) Plaintiff seeks damages of $1,000,000.

DISCUSSION

I.   Standard Of Review Under Rule 12(b)(6)

In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955

(2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. To be clear, Bell Atlantic does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

Notably, only weeks after deciding Bell Atlantic, the Supreme Court issued a decision discussing pleading standards involving a pro se plaintiff. Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Erickson cited Bell Atlantic for the proposition that, under general pleading rules, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Bell Atlantic, 127 S. Ct. at 1964 (in turn quoting Conley, 355 U.S. at 47)).

The Second Circuit has interpreted Bell Atlantic and Erickson to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations

3

in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this standard, the district court must still accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Moreover, where a plaintiff is proceeding pro se, the Court is required to read the complaint liberally. See Erikson, 127 S. Ct. at 2200 ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

II. Exhaustion Requirement Under The PLRA

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. Section 1997e, which applies to "all prisoners seeking redress for prison circumstances or occurrences," requires that available administrative remedies be exhausted before a prisoner can bring an action under Section 1983 or other federal law. Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); see also 42 U.S.C. § 1997e(a); Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). It is well-settled that this exhaustion requirement is mandatory and not within the discretion

4

of the Court. <u>Woodford v. Ngo</u>, -- U.S. --, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2007); <u>Porter</u>, 534 U.S. at 520; <u>Abney v. McGinnis</u>, 380 F.3d 663, 667 (2d Cir. 2004). Furthermore, claims of interference with mail are subject to the exhaustion requirement of the PLRA. <u>Brown v. United States</u>, No. 02-CV-10297, 2004 U.S. Dist. LEXIS 2967, at *34 (S.D.N.Y. Feb. 27, 2004) (dismissing action for interference with mail where prisoner failed to completely exhaust his administrative remedies).

Plaintiff acknowledges on the face of his Complaint that, although there is a prisoner grievance procedure available at NCCF, Plaintiff failed to avail himself of such procedure. (Compl. at II.) Instead, Plaintiff wrote a letter to the Hicksville Postmaster requesting that an investigation be commenced. (<u>Id.</u>) Generally, a prisoner's failure to exhaust his administrative remedies requires dismissal of the action without prejudice. <u>See</u> <u>Snider v. Melindez</u>, 199 F.3d 108, 111-12 (2d Cir. 1998); <u>Davis v. Reilly</u>, 324 F. Supp. 2d 361, 366 (E.D.N.Y. 2004). There are situations, however, where dismissal with prejudice is the appropriate disposition. For example, some courts have found that if exhaustion would be futile because the prisoner has been transferred to another correctional facility, dismissal with prejudice is proper. <u>See</u> <u>Davis</u>, 324 F. Supp. 2d at 366; <u>see also</u> <u>Berry v. Kerik</u>, 366 F.3d 85, 87-88 (2d Cir. 2003.

Plaintiff avers in his Affidavit in Opposition, however,

5

that he filed a grievance with Edward Reilly, Sheriff of NCCF, prior to sending a letter to the Hicksville Postmaster. (Pl.'s Opp'n § II.) Plaintiff contends that by filing a grievance with Mr. Reilly, he "effectively" exhausted his remedies pursuant to the PLRA. (Id.) Filing a grievance with an individual, however, is different from presenting your complaint in the prisoner grievance procedure and completely exhausting such complaint, all of which is required under the PLRA. See Woodford, 126 S. Ct. at 2388; Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (internal quotation marks and citations omitted) (holding that prisoner "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims, or by making informal complaints to [prison] staff. Alerting the prison officials as to the nature of the wrong for which redress is sought, does not constitute 'proper exhaustion' under Woodford"). Based on the allegations set forth in the Complaint, which the Court deems true, Plaintiff had administrative remedies available to him but failed to take advantage of them.

Additionally, Plaintiff is no longer incarcerated at NCCF. It would seem, therefore, administrative remedies for the violations of which Plaintiff complains are no longer available to him. Based on the record before the Court, however, which does not address the reasons for Plaintiff's failure to pursue NCCF's grievance procedure or his ability to now seek administrative remedies, this Court is not in a position to conclusively find that

6

any attempt to file an administrative proceeding is futile. Accordingly, Plaintiff's claims are barred by the PLRA's exhaustion requirement and must be DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED without prejudice, and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 6, 2008
         Central Islip, New York